UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DOORDASH, INC., | : |
| | : |
| Plaintiff, | :  Case No.: 1:25-cv-10583-RA |
| | : |
| v. | : |
| | : |
| RYAN BATRA, | : |
| | : |
| Defendant. | : |
| | : |

## STIPULATED PRELIMINARY INJUNCTION AND ORDER

IT IS HEREBY STIPULATED AND AGREED on consent by and between Plaintiff

DoorDash, Inc. ("DoorDash") and Defendant Ryan Batra ("Batra") (collectively, DoorDash and

Batra are referred to herein as the "Parties"), as follows:

**A.    Definitions**

- "Confidential Information" has the meaning set forth in the Proprietary Information and

  Inventions Agreement ("PIIA") signed by Defendant on March 4, 2024, subject to and

  without waiver of any objection that the information described in the PIIA is in fact

  confidential and/or proprietary. The restraints set forth herein apply to all data, documents,

  records, materials, and information obtained from, derived from, or reflecting DoorDash's

  Confidential Information.

- "Neutral Forensic Examiner" means the independent third-party forensic expert retained

  by DoorDash, Inc. to perform the tasks and functions identified herein.

**B.    Injunctive Relief**

1. <u>Nonuse/Nondisclosure</u>. Without admitting or acknowledging any liability or wrongdoing,

   Batra is preliminarily enjoined and restrained, directly or indirectly, and whether alone or

1

in concert with others, from using, disclosing, transmitting, or continuing to possess, for any purpose, any of DoorDash's Confidential Information, including any data, documents, and forms obtained from or derived from DoorDash and/or DoorDash's Confidential Information.

2. <u>Compliance with PIIA</u>. Without admitting or acknowledging any liability or wrongdoing, Batra is further preliminarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from breaching the terms of the PIIA.

3. <u>Preservation/No Alteration</u>. Without admitting or acknowledging any liability or wrongdoing, pending further order of the Court, Batra is enjoined from accessing, altering, deleting, destroying, wiping, encrypting, transferring, or modifying the devices, files, accounts identified in Section C(1), C(2) and D of this Order along with any other accounts, devices or files known by the Parties to potentially contain Door Dash's Confidential Information, which are subject to this Order, except as follows: The Parties agree that the routine use of Batra's cell phone and cloud based email to make calls, send texts and/or send/receive emails prior to the forensic of said accounts/devices shall not constitute a violation of this Order and shall be permitted in the ordinary course.

4. <u>Additional Restraints</u>. Without admitting or acknowledging any liability or wrongdoing, pending further order of the Court, Batra is restrained and enjoined from:

- Using, accessing, retaining, disclosing, sharing, copying, transferring, relying upon, or referencing any of DoorDash's confidential, proprietary, or trade-secret information, including all information obtained from DoorDash's internal systems, including but not limited to Greenhouse and Google;
- Providing access to any person or entity (other than DoorDash, the Neutral Forensic Examiner, and the Parties' attorneys of record) to any such information; and
- Altering, destroying, deleting, wiping, encrypting, concealing, or modifying any document, device, file, account, or metadata relating to DoorDash's information or the forensic examination ordered herein, subject to the exception

2

set forth in Section B(3) of this Order.

- Creating any derivative works based on or incorporating any DoorDash Confidential Information.

**C.    Turnover to Neutral Forensic Examiner**

1. <u>Turnover of Accounts/Media</u>. Batra agrees to, no later than December 24, 2025, turn over to the Neutral Forensic Examiner all accounts and storage media that have housed, accessed, or touched DoorDash's information, including but not limited to:

   - Personal email accounts (including his email account rpbatra001@gmail.com)
   - Cloud-storage accounts (e.g., Google Drive, Dropbox, iCloud, OneDrive)
   - Messaging or collaboration platforms (e.g., WhatsApp, Slack, Teams)
   - Artificial intelligence–enabled tools, systems, or services (including large language models), whether accessed via web interface, application, plug-in, or API, including any associated prompt history, conversation logs, inputs, outputs, embeddings, or derivative materials

2. <u>Turnover of Devices</u>. Batra agrees to, no later than December 29, 2025, turn over to the Neutral Forensic Examiner all devices and storage media that to Batra's knowledge have housed, accessed, or touched DoorDash's information, including but not limited to:

   - Personal Desktop or laptop computers
   - Mobile phones
   - Tablets/iPads
   - External drives/USB devices

3. <u>Credentials and Access</u>. Concurrent with the turnovers, Batra shall provide all required passwords, authentication credentials, two-factor authentication codes, security tokens, and other information necessary for full access by the Neutral Forensic Examiner.

4. <u>Escrow</u>. The Neutral Forensic Examiner shall maintain all devices, accounts, and data in escrow, unaltered, pending the development and implementation of the forensic protocol described below except that upon completion of the imaging of any device, the Neutral Forensic Examiner shall return the device to Batra. The Neutral Forensic Examiner shall not share any information obtained from these devices, data, and accounts with DoorDash,

3

other than DoorDash's Confidential Information and his written report described in protocols set forth below, unless further agreed by the Parties or further ordered by the Court.

**D.    Sworn Declaration by Batra**

1. <u>Declaration</u>. Within three (3) days of the entry of this Order, Batra shall provide a sworn declaration identifying with specificity:

   - All devices, accounts, storage media, and locations (physical or digital) to Batra's knowledge where DoorDash's information was or is presently stored, retained, or backed up by Batra or accessible to Batra from August 1, 2025 through the present;
   - Every person or entity to Batra's knowledge whom Batra provided access to DoorDash's information, directly or indirectly, along with the nature, extent, and dates of such access from August 1, 2025, through the present;
   - All actions taken to Batra's knowledge by Batra with respect to DoorDash's information, including any access, review, copying, transfer, forwarding, uploading, editing, deletion, or use; and
   - All derivative works created by Batra based on or incorporating DoorDash's Confidential Information after Batra gave notice of his resignation from DoorDash.

**E.    Forensic Examination and Remediation Protocol**

1. <u>Meet and Confer</u>. The Parties and the Neutral Forensic Examiner shall meet and confer to develop a written Forensic Examination and Remediation Protocol that will:

   - Identify all DoorDash information on any device or account accessed by Batra at any time since the end of his employment with DoorDash;
   - Determine whether any information was accessed, used, or disseminated, and if so, by whom, to whom, and when;
   - Identify all residual or derivative copies;
   - Provide for the secure removal and full remediation of DoorDash's information from Batra's devices, storage media, and accounts; and
   - Ensure preservation of evidence in accordance with standards under the Federal Rules of Civil Procedure.

2. <u>Examiner's Report and Confidentiality</u>. The Neutral Forensic Examiner shall prepare a written report detailing findings, chain of custody, and all recovered materials constituting

DoorDash's Confidential Information. Any disclosure of DoorDash's information shall be restricted under the Parties' protocol or, if necessary, a protective order approved by the Court.

3. **Disputes.** The Parties will cooperate to determine whether any information contained in any of Batra's devices constitutes DoorDash's Confidential Information. To assist the Parties in determining if any of DoorDash's Confidential Information is contained in Batra's devices and/or accounts, the Neutral Forensic Examiner shall be able to include in his written report of findings the File Name, File Path, Email Sender, Email Recipient, Subject, Sent Date, Received Date, Create Date, Modified Date and Access date for any file that Plaintiff believes could constitute its Confidential Information based upon the search parameters provided to the Neutral Forensic Examiner. To the extent that the Parties have any disputes over whether any information contained in any of Batra's devices constitutes DoorDash's Confidential Information, the Parties shall meet and confer within three (3) days of receipt of the Neutral Forensic Examiner's report to attempt to resolve such dispute. If the Parties are unable to resolve any disputes following the meet and confer, the Parties may apply to the Court for further relief in order to resolve any said disputes.

F.    **Preservation Obligations.** Batra is ordered to preserve all documents, devices, accounts, and electronically stored information ("ESI") potentially relevant to the claims in this action, consistent with the applicable Federal Rules of Civil Procedure and any applicable local rules.

G.    **Bond Waiver.** The Court finds good cause under Federal Rule of Civil Procedure 65(c) to waive any bond requirement. No bond shall be required for the issuance or continued effect of this Order.

**H.**     **Reservation of Rights.** Nothing in this Order precludes DoorDash from seeking additional relief under the Defend Trade Secrets Act, the Computer Fraud and Abuse Act, state law, contract law, or common law, nor does it foreclose further motion practice regarding injunctive relief, expedited discovery, or sanctions except that DoorDash shall not seek recovery from Batra the costs of the Neutral Forensic Examiner in connection with carrying out the terms of this Stipulated Preliminary Injunction and Order.

**I.**     **No Admission; No Findings.** By entering into this Stipulated Preliminary Injunction and by consenting to this Order being "so ordered" by the Court, Batra does not agree to, admit any liability, or acknowledge any wrongdoing. Entering into this Order shall not be deemed an admission of liability or wrongdoing by any party. The Court, by "so ordering" this stipulation, makes no findings of fact and no determinations as to liability, including whether Batra violated the PIIA. This Stipulated Preliminary Injunction and Order shall not be admissible in any proceeding, motion, application, or trial in this matter except as necessary to enforce terms hereof.

**J.**     **Miscellaneous**

1. <u>Service</u>. This Order may be served by any means reasonably calculated to provide prompt notice, including email service on counsel of record.

2. <u>Cooperation</u>. Batra shall reasonably cooperate with the Neutral Forensic Examiner to facilitate the examination and remediation contemplated by this Order and the approved protocol.

3. <u>Return/Remediation</u>. Following completion of the protocol and subject to any ongoing preservation obligations, the Neutral Forensic Examiner shall return Batra's personal, non-DoorDash information and devices/accounts, and certify removal of DoorDash's

information consistent with the protocol and any protective order.

4. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction to enforce, modify, or supplement this Order and to adjudicate any disputes arising from its interpretation or implementation.

5. <u>Effective Date; Duration</u>. This Order is effective upon entry and shall remain in effect until further order of the Court.

SO STIPULATED AND AGREED:

Date: December 24, 2025

FISHER & PHILLIPS LLP

 /s/ Amanda M. Blair
_____
Amanda M. Blair
David J. Walton, *Pro Hac Vice Forthcoming*
FISHER & PHILLIPS LLP
Times Square Tower
7 Times Square, Suite 4300
New York, NY 10036
Tel.: (610) 230-6105
Tel.: (212) 899-9989
dwalton@fisherphillips.com
ablair@fisherphillips.com

*Attorneys for Plaintiff DoorDash, Inc.*

BRACH EICHLER LLC

 s/ Anthony M. Rainone
_____
Anthony M. Rainone, Esq.
arainone@bracheichler.com
101 Eisenhower Parkway, Suite 201
Roseland, New Jersey 07068
Direct: 973-364-8372
Firm: 973-228-5700
Fax: 973-618-5972

*Attorneys for Defendant Ryan Batra*

**SO ORDERED.**

SIGNED THIS 26th day of December, 2025.

_____
 RONNIE ABRAMS, U.S.D.J.