**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOORDASH, INC., | : |
| Plaintiff, | : Case No. l:25-cv-10583-RA |
| | : |
| | : **STIPULATION AND PROTECTIVE** |
| v. | : **ORDER** |
| | : |
| RYAN BATRA, | : |
| | : |
| Defendant. | : |
| | : |

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("**Protective Order**")—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "**Discovery Material**" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "**Confidential Discovery Material**") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material or that person's counsel may designate such material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only", in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate

such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys Eyes' Only" the protected portion in a manner that will not interfere with legibility or audibility.

4.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential - Attorneys Eyes' Only", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Confidential."

5.      If at any time prior to the trial or arbitration of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order.

6.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel for the Parties, including in-house counsel, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)      any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

2

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Highly Confidential – Attorneys' Eyes Only" to any other person whomsoever, except to:

(a)     counsel for the Parties, including in-house counsel, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(b)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c)     any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)     any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Any Party who objects to any designation of confidentiality may at any time prior to the trial or arbitration of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Judge

Abrams's Individual Rules & Practices in Civil Cases, or, if the matter is in arbitration, the arbitrator.

9.      Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

10.      Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11.      To the extent that the Parties seek to file Confidential Discovery Material in this Court, the person seeking to file redacted documents or documents under seal must do so in accordance with Judge Abrams's Individual Rules & Practices in Civil Case as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York.

12.      Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it must immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

14.      Nothing in this Protective Order shall be deemed to waive any applicable privilege or work product protection, nor to affect the ability of a party to seek relief for the inadvertent disclosure of material protected by privilege or work product protection. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise,

4

shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection in this action or in any other federal or state proceeding. If a producing party discovers that it has produced material that is subject to a claim of privilege or protection, the producing party shall promptly notify the receiving party in writing and request, at its election, either the return or destruction of the material. Within five (5) business days of receiving such notification, the receiving party shall, as instructed, return or destroy all such material, including all copies, summaries, and any information derived therefrom, and shall certify in writing to counsel for the producing party that all such information has been returned or destroyed. The receiving party shall not use or disclose the contents of such material for any purpose and must take reasonable steps to retrieve the material if it was disclosed before being notified. If the receiving party, during its review, identifies material that appears to be privileged or otherwise protected, it shall promptly sequester the material and notify the producing party, affording the producing party a reasonable opportunity to assert privilege or protection. If there is a dispute as to whether such material is privileged or protected, the receiving party may move the Court for an order compelling production, in accordance with Judge Abrams's Individual Rules and Practices in Civil Cases. Pending resolution of the motion, the receiving party shall not use or disclose the material in question.

15.     This Protective Order shall survive the termination of the litigation unless otherwise agreed by the Parties in writing or ordered. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing party, or, upon permission of the producing party, destroyed. This shall not be interpreted in a manner that would violate any applicable rules of professional conduct or malpractice insurance policies.

16.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Date: January 30, 2026

FISHER & PHILLIPS LLP                           BRACH EICHLER LLC

*/s/ Amanda M. Blair*                           */s/ Anthony M. Rainone*
Amanda M. Blair                                 Anthony M. Rainone, Esq.
David J. Walton                                 101 Eisenhower Parkway, Suite 201
Times Square Tower 7 Times Square, Suite 4300   Roseland, New Jersey 07068
New York, NY 10036                              Tel: (973) 364-8372
Tel.: (212) 899-9989                            arainone@bracheichler.com
Tel.: (610) 230-6105
ablair@fisherphillips.com                       *Attorneys for Defendant Ryan Batra*
dwalton@fisherphillips.com

*Attorneys for Plaintiff DoorDash, Inc.*

SO ORDERED.

Dated: February 2, 2026
New York, New York

_____
RONNIE ABRAMS, U.S.D.J.

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOORDASH, INC., | : |
| Plaintiff, | :   Case No. l:25-cv-10583-RA |
| | : |
| | :   **NON-DISCLOSURE AGREEMENT** |
| v. | : |
| | : |
| RYAN BATRA, | : |
| | : |
| Defendant. | : |
| | : |

      I, _____ , acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____